IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


WEIRTON MEDICAL CENTER, INC.
and WHEELING HOSPITAL, INC.,

        Plaintiffs,

v.                                    Civil Action No. 5:14CV87
                                                        (STAMP)
TRINITY HEALTH SYSTEM, INC.,
ACUITY SPECIALTY HOSPITAL-
OHIO VALLEY, L.P. and
ACUITY HEALTHCARE, L.P.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT TRINITY HEALTH SYSTEM, INC.'S**
**MOTION TO FILE AN AMENDED NOTICE OF REMOVAL,**
**GRANTING PLAINTIFFS' MOTION TO REMAND,**
**GRANTING DEFENDANTS ACUITY HEALTHCARE, L.P.'S AND**
**ACUITY SPECIALITY HOSPITAL-OHIO VALLEY, L.P.'S**
**MOTION FOR JOINDER TO REMAND,**
**DENYING AS MOOT WITHOUT PREJUDICE**
**DEFENDANT TRINITY HEALTH SYSTEM, INC.'S**
**MOTION TO DISMISS, MOTION TO DISMISS CROSS-CLAIMS**
**AND MOTION TO SEVER**


I.  Procedural History

    On May 29, 2014, the plaintiffs Weirton Medical Center, Inc.

("WMC")[1] and Wheeling Hospital, Inc. ("WH")[2] filed their complaint

in the Circuit Court of Brooke County, West Virginia against the

_____

        [1]Weirton Medical Center is a West Virginia corporation with
its principal place of business in Weirton, West Virginia.

        [2]Wheeling Hospital, Inc. is a West Virginia corporation with
its principal place of business in Wheeling, West Virginia.

defendants Trinity Health System ("Trinity"),[3] Acuity Speciality Hospital-Ohio Valley, L.P. ("ASH"), and Acuity Healthcare, L.P. ("AH").[4] ECF No. 1 *A-1. In their complaint, the plaintiffs allege that Trinity is interfering with the construction of a long-term health care facility that the plaintiffs intended for ASH to construct. ASH currently operates a long-term health care facility within Trinity's medical facilities located in Ohio. Prior to its involvement with plaintiffs, ASH signed a lease that allegedly prohibits ASH from operating or constructing any long-term health care facility within forty miles of Trinity, which Trinity accuses ASH of doing.

In their complaint, the plaintiffs make three claims. First, they seek a declaratory judgment under West Virginia Code § 55-13-1 et seq. regarding the parties' rights to develop the desired facility. Second, the plaintiffs seek an injunction enjoining Trinity from interfering with ASH's construction of the requested facilities. Finally, the plaintiffs assert a claim of tortious

---

[3]Trinity Health System, Inc. is an Ohio corporation with its principal place of business in Steubenville, Ohio.

[4]Acuity Healthcare, L.P. is the general partner of Acuity Specialty Hospital-Ohio Valley, L.P. with Acuity Healthcare owning 61% of Acuity Specialty Hospital. Acuity Healthcare, L.P. is a Texas limited partnership with its principal place of business in North Carolina. Acuity Specialty Hospital-Ohio Valley, L.P. is an Ohio limited partnership that allegedly maintains citizenship in Ohio, West Virginia and Pennsylvania.

interference against Trinity regarding the plaintiffs' business relationships with ASH and AH.

After plaintiffs filed their complaint in state court, Trinity removed this civil action to this Court under 28 U.S.C. § 1332(a), alleging that (1) complete diversity existed, and (2) the claim exceeded $75,000.00, exclusive of interest and costs. ECF No. 1. Following removal, the parties both filed several motions. These motions are listed below.

A.   Trinity's Motion to Dismiss

Following removal, Trinity filed a motion to dismiss in which it asserts that under both the doctrine of forum non conveniens and Rule 12(b)(6), this Court should dismiss the plaintiffs' complaint. ECF No. 7. Specifically, Trinity asserts that the lease agreement at issue has a forum selection clause requiring all litigation concerning the agreement to occur in Jefferson County, Ohio. Plaintiffs filed a response to that motion, arguing that, as non-parties to the lease, the forum selection clause fails to bind them. ECF No. 20. Further, the plaintiffs argue that a pending motion to remand (discussed below) must be decided before Trinity's motion to dismiss. Trinity filed a reply to its motion to dismiss, asserting that (1) the forum selection clause binds the parties, and (2) although jurisdictional issues remain, this Court could still dismiss the action out of considerations of convenience,

fairness, and judicial economy under <u>Sinochem Int'l v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422 (2007). ECF No. 26.

B.    <u>Motion to Remand and Motion for Joinder</u>

Following Trinity's motion to dismiss, the plaintiffs then filed a motion to remand. ECF No. 18. In their motion, the plaintiffs make three assertions. First, the plaintiffs claim that Trinity, the removing party, neither sought nor obtained consent from ASH or AH to remove the case. Second, they argue that ASH and AH were not fraudulently joined and thus, as necessary parties, Trinity required their consent in order to remove the case. Finally, the plaintiffs assert that if AH is realigned as a plaintiff, then diversity is defeated. Trinity then filed a response in opposition, arguing that the forum selection clause applied and that because ASH and AH were fraudulently joined, their citizenship can be disregarded for diversity purposes. ECF No. 28. Further, Trinity also sought in the alternative to sever and dismiss ASH and AH under Federal Rule of Civil Procedure 21, which would then require AH and ASH to be bound by the forum selection clause. Plaintiffs then filed a reply, arguing that diversity does not exist and that Trinity failed to prove fraudulent joinder. Further, the plaintiffs also claim that as indispensable parties, ASH and AH cannot be dismissed from this action.

After the plaintiffs filed their motion to remand, ASH and AH also filed a motion to join the plaintiffs' motion to remand. ECF

No. 22.  Specifically, they assert that Trinity never obtained their consent to remove the action.  As of the writing of this memorandum opinion and order, no response or reply has been filed regarding ASH and AH's motion to join.

C.  <u>Trinity's Motion to File an Amended Notice of Removal</u>

In its motion for leave to file an amended notice of removal, Trinity requests leave to amend its original notice of removal. ECF No. 23.  Trinity claims that its allegations in its notice of removal were made in good faith, but new information became available when ASH provided its disclosure statement.  According to Trinity, the amended notice clarifies several jurisdictional challenges.  However, Trinity still maintains that complete diversity exists, and that ASH and AH were fraudulently joined.  As of the date of this opinion, no response or reply has been filed concerning this motion.

D.  <u>Trinity's Motion to Dismiss AH and ASH's Cross-claim</u>

After Trinity filed its notice of removal, ASH and AH filed their answer to the complaint, in which they also assert a cross-claim.  ECF No. 6.  In their cross-claim, ASH and AH seek a declaratory judgment pursuant to West Virginia Code § 55-13-1 <u>et seq.</u> regarding their rights to construct plaintiffs' facilities due to Trinity's interference.

Trinity then filed a motion to dismiss ASH and AH's cross-claim.  In it, Trinity moves to dismiss the cross-claim under the

doctrine of <u>forum non conveniens</u> and under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 24. First, Trinity asserts that the forum selection clause is valid because no fraud, overreaching, or violations of public policy apply to the clause. Second, Trinity claims that ASH and AH are closely related due to AH owning 61% of ASH and thus, the forum selection clause applies. Finally, Trinity asserts that no extraordinary circumstances exist where the forum selection clause should not be applied to ASH and AH as commercially sophisticated and contracting parties to the lease.

ASH and AH filed their response to Trinity's motion to dismiss their cross-claim, requesting that this Court deny Trinity's motion. ECF No. 36. ASH and AH first assert that the forum selection clause is unreasonable. Second, ASH and AH argue that several factual issues need to be determined, and thus granting Trinity's motion would be premature at this stage. For example, on the lease, "Trinity Health System, **_Inc._**" serves as the landlord, but "Trinity Health System" they claim is the party in this case. Further, ASH and AH point out that the lease agreement allegedly was not filed or notarized. Thus, because discovery is still necessary at this point, ASH and AH argue that Trinity's motion to dismiss regarding their counterclaim should be denied. Also, ASH and AH argue that under the lease, Trinity unreasonably withheld consent to allow ASH and AH to contract with the plaintiffs.

Trinity then filed a reply, first asserting that the forum selection clause is reasonable and that no extraordinary circumstances exist so as to not apply it here. ECF No. 38. Second, Trinity asserts that signing the lease as "Trinity Health System, Inc." was simply a mistake and is of no consequence. Finally, Trinity claims that although the lease was neither notarized nor recorded, the parties acted as if they were bound by it and thus, the lease still binds ASH and AH.

E.    Trinity's Motion to Sever

In this motion to sever, Trinity argues that under Rule 21 of the Federal Rules of Civil Procedure, this Court has the authority to dismiss parties where forum selection clauses exist. ECF No. 27. Because the forum selection clause should apply here, Trinity claims that this Court should dismiss ASH and AH from this action and thus force them to litigate in Ohio.

Plaintiffs then filed a response. ECF No. 37. Plaintiffs first claim that Rule 21 will not apply here because ASH and AH are indispensable parties. Specifically, they point to the fact that they are parties to the lease with Trinity and the agreements between the plaintiffs in dispute. Further, the plaintiffs claim that too great a risk of prejudice to the parties exist if ASH and AH are severed. Finally, Trinity filed a reply, asserting that ASH and AH are dispensable parties because the plaintiffs do not have standing to seek declaratory relief under the lease. ECF No. 39.

Thus, because the plaintiffs were not parties to the lease, AH and ASH are dispensable to the plaintiffs' claim for declaratory relief under the lease. Lastly, Trinity asserts that ASH and AH are not indispensable parties to the plaintiffs' tortious interference claim.

For the reasons stated below, this Court will take the following action regarding the above listed matters: (1) grant Trinity's motion to file an amended notice of removal; (2) grant plaintiffs' motion to remand; (3) grant ASH and AH's motion for joinder to remand; (4) deny as moot but without prejudice Trinity's motion to dismiss; (5) deny as moot but without prejudice Trinity's motion to dismiss ASH and AH's cross-claim; and (6) deny as moot but without prejudice Trinity's motion to sever.

## II.  Facts[5]

Plaintiffs wanted to open a long-term care hospital for patients with more complicated and severe medical conditions than traditional hospitals are ill-suited to handle. Apparently, no such care facilities exist within the plaintiffs' desired locations of Hancock, Brooke, or Ohio Counties, West Virginia. ASH owns, constructs, and operates long-term health care facilities. Seeking ASH's expertise, plaintiffs entered into preliminary negotiations

_____

[5]This Court adopts, for the most part, the facts as alleged in the complaint. ECF No. 1 *A-1.

with ASH to develop and operate the hospitals in WMC's facility in Brooke County and WH's facility in Ohio County.

Prior to this, ASH entered into a lease agreement with Trinity in 2005. Trinity owns and operates a hospital in Jefferson County, Ohio. ASH operates a long-term health care facility in Trinity's facility in Jefferson County, Ohio. Under the lease agreement between Trinity and ASH, a clause exists that prohibits ASH or its affiliates (AH) from owning or operating a similar long-term care facility within forty miles of its Trinity facility. It specifically states that "Tenant [ASH] . . . shall not, directly or indirectly, on or within a forty (40) mile radius of the Premises, own, manage, operate . . . a long-term acute care hospital without the expressed consent of Landlord [Trinity], which consent shall not unreasonably be withheld." Further, the lease contains a forum selection clause, where all litigation must be commenced and maintained in the Court of Common Pleas of Jefferson County, Ohio. This clause also provides that the parties waive their right to "cause the removal of any such litigation to a federal district court."

Thus, when AH and ASH began preparing the plaintiffs' facility, Trinity demanded that ASH cease and desist developing the proposed health care facility because it violated the lease agreement. Specifically, WMC's proposed facility is ten miles from Trinity's facility, and WH's proposed facility is 30 miles from

Trinity's facility.  When the plaintiffs received Trinity's demand, they filed their complaint.

In the complaint, the plaintiffs seek declaratory relief, injunctive relief, and damages (<u>See</u> ECF No. 1 *14-15).  Regarding declaratory relief, the plaintiffs requests this Court to find that, among other rights and statuses, the proposed construction does not violate the lease terms that bind ASH and AH. Plaintiffs also seek injunctive relief, enjoining Trinity from interfering with or objecting to the plaintiffs' proposed facilities.  Finally, the plaintiffs assert a tortious interference claim and seek damages.  Regarding this claim, the plaintiffs claim that Trinity knew of the need for long-term care facilities, yet intentionally interfered with the plaintiffs' right to build their facilities. Because of this, the plaintiffs seek compensatory and punitive damages.

On July 1, 2014, Trinity filed a notice of removal to remove this case to this Court.  Also, ASH and AH filed a cross-claim (ECF No. 6 *3) against Trinity, seeking declaratory relief.  Overall, six pending motions, discussed below, await action by this Court.

## III.  <u>Applicable Law</u>

A.  <u>Amending a Notice of Removal</u>

Under  28 U.S.C. § 1446(a), a defendant must file a notice of removal in federal court in order to effect removal.  Further, 28 U.S.C. § 1446(b) requires defendants to file the notice of removal

within 30 days after receiving notice of the removable claim. During this 30-day period, defendant may freely amend the notice of removal. Pepsi-Cola Bottling Co. of Pittsburgh v. Bottling Group L.L.C., No. 07-2315-JAR, 2007 WL 2954038, at *3 (D. Kan. Oct. 10, 2007); Mayers v. Connell, 651 F. Supp. 273, 274 (M.D. La. 1986); see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (4th ed. 2014). However, after this 30-day grace period, a defendant may amend the notice of removal under 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Geismann v. Aestheticare, LLC, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008); Woodlands II v. City Savings and Loan Ass'n of San Angelo, 703 F. Supp. 604, 607 (N.D. Tex. 1989). However, a defendant's right to amend under § 1653 is limited because "amendments are permitted solely to cure 'defective allegations of jurisdiction' and cannot be used to amend 'a substantial defect in removal proceedings.'" Moody v. Commercial Ins. Co. of Newark, New Jersey, 753 F. Supp. 198, 201 (N.D. Tex. 1990) (internal citations omitted); see also Mason v. Int'l Business Machines & RTKL, 543 F. Supp. 444, 446 (M.D.N.C. 1982); see generally D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145 (5th Cir. 1979).

B.  <u>Motion to Remand</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought."  <u>Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc.</u>, 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007).  The party seeking removal bears the burden of establishing federal jurisdiction.  <u>See</u> <u>In re Blackwater Security Consulting, LLC</u>, 460 F.3d 576, 583 (4th Cir. 2006); <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422 (4th Cir. 1999); <u>Mulcahey</u>, 29 F.3d at 151.  Further, the court is limited to a consideration of facts on the record at the time of removal.  <u>See</u> <u>Lowrey v. Alabama Power Co.</u>, 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing

whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); <u>O'Brien v. Quicken Loans, Inc.</u>, 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); <u>Marshall v. Kimble</u>, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

## IV. <u>Discussion</u>

### A. <u>Motion to File an Amended Notice of Removal</u>

As stated above, Trinity seeks leave to file an amended notice of removal. ECF No. 23. In support of its motion, Trinity relies on Federal Rule of Civil Procedure 11, 28 U.S.C. § 1446(b), and case law that provides an opportunity to amend with court approval when a party seeks to clarify grounds for removal that were already stated in the original notice of removal. Trinity claims that it made its allegations in the notice of removal in good faith, but new information became available when ASH provided its disclosure statement. In its original notice of removal, Trinity asserted that ASH and AH were not West Virginia citizens. Now, Trinity wishes to amend its notice of removal to allege that ASH and AH are citizens of Ohio, West Virginia, and Pennsylvania. However, in both its original and amended notice of removal, Trinity still maintains that complete diversity exists, and that ASH and AH were fraudulently joined. Because they were fraudulently joined,

13

Trinity claims AH and ASH's citizenship can be ignored for purposes of diversity jurisdiction.

After examining Trinity's proposed and amended notice of removal, this Court will grant Trinity an opportunity to amend its notice of removal. The amendment Trinity seeks to make is not an attempt to cure "a substantial defect in removal proceedings." Moody, 753 F. Supp. at 201 (internal quotations and citations omitted). Rather, its proposed amendment serves to clarify or cure "defective allegations of jurisdiction," which is permitted under 28 U.S.C. § 1653. Id. Trinity asserts the same substantive basis for jurisdiction in both its original and amended notice of removal, which is diversity jurisdiction along with fraudulent joinder of nondiverse parties. The proposed amendment seeks only to clarify Trinity's allegations concerning the citizenship of ASH. Because this is an attempt to clarify or cure a jurisdictional rather than procedural defect, this Court grants Trinity's motion to file an amended notice of removal.

B.    Plaintiffs, ASH, and AH's Motion to Remand

As stated earlier, the plaintiffs filed a motion to remand. ECF No. 18. In their motion, the plaintiffs assert four grounds for removal. First, the plaintiffs claim that Trinity, the removing party, neither sought nor obtained consent from ASH or AH to remove the case. Second, they further argue that ASH and AH are not nominal parties and thus, as necessary parties, Trinity

14

required their consent in order to remove the case. Third, the plaintiffs assert that if AH and ASH are realigned as plaintiffs, which they claim Trinity seeks, then diversity is defeated. Finally, the plaintiffs also claim that as indispensable parties that are not fraudulently joined, ASH and AH cannot be dismissed from this action. Therefore, this Court must consider their citizenship. Thus, when considering the citizenship of the parties, the plaintiffs claim that diversity jurisdiction does not exist. In addition to the plaintiffs' motion, ASH and AH also filed a motion to join the plaintiffs' motion to remand, asserting that Trinity never obtained their consent to remove the action. ECF No. 22.

In opposition to plaintiffs' motion, Trinity argues that ASH and AH are nominal parties and thus, their consent was unnecessary for the notice of removal. ECF No. 28. Further, Trinity claims that because ASH and AH were fraudulently joined, their citizenship can be disregarded for diversity purposes. Trinity then argues that this Court can dismiss AH and ASH under the doctrine of forum non conveniens before deciding jurisdiction, citing to Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 423-24 (2007), as authority. In the alternative, Trinity suggests severing the claims or dismissing ASH and AH under Federal Rule of Civil Procedure 21, which would then require AH and ASH to be bound

by the forum selection clause in the lease agreement.[6]  For the reasons stated below, this Court grants plaintiffs' motion to remand.  The arguments and issues regarding that motion are outlined below.

    1.   Consent of ASH and AH

As stated earlier, the party seeking removal bears the burden of establishing federal jurisdiction.  See In re Blackwater Security Consulting, LLC, 460 F.3d at 583.  Further, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Hartley, 187 F.3d at 422. Title 28, United States Code, Section 1446 is construed as requiring all defendants in an action to consent to removal in order for an action to be properly removed.  Mayo v. Board of Educ. of Prince George's County, 713 F.3d 735 (4th Cir. 2013); see also Lapides v. Bd. of Regents Univ. Sys. of Ga., 535 U.S. 613, 620 (2002).  A failure of all the defendants to consent to the removal results in a procedurally deficient notice of removal.  Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997).

Under the facts of this case, Trinity clearly failed to adhere to the consent, or "rule of unanimity," requirement.  Not only did

---

[6]The Court notes that in its response to the motion to remand, Trinity does not file a motion to sever or dismiss ASH and AH. Rather, Trinity appears to justify why this Court could do so. However, Trinity later filed a motion to sever.  ECF No. 27.  Thus, this Court will not interpret Trinity's severance and dismissal argument in its response to the motion to remand as a motion to sever.

the plaintiffs allege that ASH and AH did not consent to removal, but ASH and AH also stated in their motion to join that Trinity failed to obtain their consent.  Further, Trinity does not state in its notice of removal that it obtained the consent of ASH or AH.  Therefore, at first glance, Trinity has a deficient notice of removal.  However, Trinity makes several arguments in an attempt to circumvent this deficiency.  Trinity first argues that ASH and AH are nominal parties.  Because they are nominal rather than necessary parties, Trinity claims that their lack of consent can be ignored.

As an exception to the rule of unanimity, the "nominal party exception" ensures that "only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citing Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970).  A nominal party is defined as "simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal.  In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Hartford, 736 F.3d at 260.  Therefore, because a nominal party is

neither necessary nor indispensable, it is not required to join or consent to a notice of removal. Id.

Under the facts of this case, Trinity is incorrect in asserting that ASH and AH are "nominal" parties. AH and ASH sufficiently have a legal stake in this civil action. Plaintiffs negotiated with ASH and AH to construct long-term health care facilities. Trinity asserts that by attempting to construct these facilities, ASH and AH breached the lease agreement between them. Resolving the issues of this case, such as whether AH and ASH may construct the plaintiffs' facilities, or whether the plaintiffs may hire ASH and AH, clearly affects the rights of ASH and AH. At a minimum, it concerns the ability of ASH and AH to fulfill their agreements between the plaintiffs and Trinity, as well as their business relationships among all of the parties in this case. ASH and AH clearly have a stake in this civil action and will be affected by its outcome. Therefore, this Court finds that ASH and AH are necessary parties and thus, the nominal party exception fails to apply.

### 2. Lack of Fraudulent Joinder

As mentioned above, the plaintiffs also assert that notwithstanding the lack of consent, this Court should remand this case because diversity jurisdiction does not exist. First, the plaintiffs believe that, in contrast to Trinity's claims, ASH and AH are not fraudulently joined. If so, this means the Court may

consider ASH and AH's citizenship for purposes of diversity jurisdiction. Because of this, the plaintiffs argue that the citizenship of the parties defeats diversity jurisdiction due to ASH's West Virginia citizenship. Second, plaintiffs claim that if this Court realigns the interests of ASH and AH with the plaintiffs' interests, which Trinity allegedly seeks, then diversity is again defeated. This Court will address those arguments below in the order presented.

In order to show fraudulent joinder, "the removing party must establish either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" <u>Hartley</u>, 187 F.3d at 424 (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original)). Further, the party alleging fraudulent joinder has the "heavy burden" of showing that the plaintiff cannot "establish a claim even after resolving all issues of law and fact in the plaintiff's favor." <u>Hartley</u>, 187 F.3d at 424 ("[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss."). The removing party must satisfy this heavy burden with clear and convincing evidence. <u>Stillwell v. Allstate Ins. Co.</u>, 663 F.3d 1329 (11th Cir. 2011); <u>Parks v. New York Times Co.</u>, 308 F.2d 474 (5th Cir. 1962). Regarding the plaintiff's claim, the claim "need not ultimately

succeed to defeat removal; only a possibility of a right to relief need be asserted." <u>Marshall</u>, 6 F.3d at 233 (internal citations omitted).

Here, Trinity has not met its burden.  In this civil action, the plaintiffs seek a declaratory judgment pursuant to West Virginia Code § 55-13-11.  As parties to the lease with Trinity, ASH and AH clearly have an interest regarding whether the negotiations and plans among ASH, AH, and the plaintiffs violate the provisions under Trinity's lease agreement.  Therefore, because they are affected by the declaratory judgment sought in this action, they are required to be parties to this action.  Trinity, who bears the "heavy burden" for fraudulent joinder, presents little evidence, let alone clear and convincing evidence, indicating that the plaintiffs acted with fraud by including ASH and AH.  Trinity's burden remains unsatisfied.  Thus, this Court finds that the plaintiffs did not fraudulently join ASH and AH.  Accordingly, ASH and AH's citizenship cannot be ignored.

    3.  *Forum Non Conveniens and Rule 21*

Finally, the plaintiffs point to Trinity's notice of removal, where Trinity indicates that "[ASH and AH's] interests are completely aligned with the plaintiffs [sic]."  ECF No. 1 ¶15.  Plaintiffs argue that if this Court realigns the parties so that ASH and AH are identified as plaintiffs, then diversity jurisdiction will be defeated.  However, Trinity asserts that this

Court can and should dismiss ASH and AH, rather than realign them, for two reasons. First, Trinity cites to Sinochem Int'l v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007), claiming that this Court should dismiss ASH and AH under the doctrine of forum non conveniens. Because ASH and AH remain bound by the forum selection clause, Trinity believes this Court should dismiss ASH and AH from plaintiffs' civil action and allow the issues pertaining to the lease agreement to be decided in Jefferson County, Ohio. In the alternative, Trinity believes that this Court, pursuant to Federal Rule of Civil Procedure 21, should dismiss ASH and AH or sever their claims so as to preserve diversity jurisdiction and to enforce the forum selection clause. Further, Trinity also justifies severance or dismissal due to ASH and AH's status as dispensable, rather than indispensable, parties. For those reasons, Trinity opposes the plaintiffs' motion.

Under the doctrine of forum non conveniens, a district court maintains the discretion to dismiss or transfer a case when the current forum proves inconvenient. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723 (1996); Nowsco Well Serv., Ltd. v. Home Ins. Co., 799 F. Supp. 602, 612–13 (S.D. W. Va. 1991). The party seeking to dismiss based on the doctrine has "'the burden of showing that an adequate alternative forum exists.'" In re Ethicon, Inc., 2:12-MD-02327, 2014 WL 346717 (S.D. W. Va. Jan. 30, 2014) (quoting Jiali Tang v. Synutra Int'l, Inc., 656 F.3d 242, 248

(4th Cir. 2011) (citing <u>Galustian v. Peter</u>, 591 F.3d 724, 731 (4th Cir. 2010))); <u>see also</u> <u>Fid. Bank PLC v. N. Fox Shipping N.V.</u>, 242 F. App'x 84, 90 (4th Cir. 2007)). An alternative forum exists if it is "1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved." <u>Id.</u> Further, "dismissal for <u>forum non conveniens</u> reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" <u>Sanochem Int'l. Co. Ltd. v. Malaysia Intern. Shipping Corp.</u>, 549 U.S. 422, 429 (2007) (internal citations omitted).

The party seeking dismissal must also establish that the "private interest of the litigants" and the public interest decidedly favor dismissal under <u>forum non conveniens</u>. <u>Rudisill v. Sheraton Copenhagen Corp.</u>, 817 F. Supp. 443 (D. Del. 1993) (citing <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170 (3d Cir. 1991)). To determine whether "private interest" favors dismissal, a district court must consider the following: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious, and inexpensive." <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947). To determine

whether the "public interest" favors dismissal, the district court must consider the following: "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft Co. v. Reyno, 454 U.S. 235 n.6 (1981) (internal citations omitted).

Recently, the Supreme Court of the United States rendered an opinion that resolved the issue of "[w]hether a district court must first conclusively establish [its own] jurisdiction before dismissing a suit on the ground of forum non conveniens?" Sanochem Int'l. Co. Ltd., 549 U.S. at 425. In Sanochem, the Court held that a district court "has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection." Id.

The key aspect of the Sanochem holding is that district courts maintain discretion over a forum non conveniens plea. Trinity claims that this Court, pursuant to Sanochem, should dismiss ASH and AH because they, along with the plaintiffs, have "attempted to deprive [Trinity] of its contractual forum selection rights and force it to litigate those claims in a foreign state court

[referring to Brooke County, West Virginia]." ECF No. 28 *2. Here, Trinity fails to satisfy its burden of proving that the public and private interests favor dismissal of ASH and AH. Regarding the private interest, Trinity makes no arguments that address the factors provided in <u>Gulf Oil Corp</u>. The only argument asserted is that because the lease agreement contains a forum selection clause, this Court should enforce such clause by dismissing ASH and AH. However, that argument fails to satisfy any of the private interests, such as obtaining witnesses or visiting relevant locations. Further, the same can be said regarding the public interests. Trinity makes no arguments regarding any of the public interest factors, other than that enforcing the forum selection clause some how furthers the "vital interests of the justice system," though it never asserts how it would do so. ECF No. 28 *3. Therefore, under the discretion this Court possesses, Trinity's argument under <u>forum non conveniens</u> is rejected.

Next, Trinity suggests this Court either sever ASH and AH's claims or dismiss them so as to bind them under the forum selection clause. Specifically, Trinity claims that ASH and AH are mis-joined and thus, either their claims require severance or they must be dismissed. Federal Rule of Civil Procedure 21 provides the following: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any

claim against a party." When deciding whether to sever a claim or dismiss a party, a district court has broad discretion. <u>Cooper v. Fitzgerald</u>, 266 F.R.D. 86 (E.D. Pa. 2010). As the Supreme Court of the United States stated, "Rule 21 invests district courts with authority to allow a dispensable, nondiverse party to be dropped at any time, even after judgment has been rendered." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832 (1989). The term "severance" means "the process of dividing a case containing multiple claims into separate actions and it is governed by rule governing the misjoinder and non-joinder of parties." <u>Corvello v. New England Gas Co., Inc.</u>, 247 F.R.D. 282 (D.R.I. 2008). The term "misjoinder" means "a party is joined on the basis of a claim that does not involve common questions of law or fact or does not arise from the same transaction." <u>See</u> <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842, 844-45 (3d Cir. 2006).

However, misjoinder of parties does not automatically justify dismissal. Rather, "the proper remedy in case of misjoinder is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." <u>Sabolsky v. Budzanoski</u>, 457 F.2d 1245, 1249 (3d Cir. 1972). When a court considers severance or dismissal in this context, a court must consider the following: "(1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present some common questions of law or fact, (3) whether settlement of the claims or judicial

economy would be facilitated, (4) whether prejudice would be avoided if severance were granted, and (5) whether different witnesses and documentary proof are required for the separate claims." In re High Fructose Corn Syrup Antitrust Litigation, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003); In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 214 F.R.D. 152, 153-54 (S.D.N.Y. 2003).

In this case, ASH and AH are not misjoined. As discussed earlier, they are indispensable parties that have a direct stake in this action. Further, the claims involving ASH, AH, and Trinity all involve the same transactions at issue. Here, those transactions are (1) ASH and AH agreeing to build plaintiffs' long-term health care facilities, and (2) ASH and AH executing the lease agreement with Trinity. Under this Court's discretion, the motion to dismiss ASH and AH or to sever their claims cannot be justified.[7]

4. Lack of Diversity

After rejecting the arguments to dismiss ASH and AH from this civil action, this Court now finds that diversity jurisdiction does not exist and thus, the plaintiffs' motion to remand is granted.

---

[7]This Court notes that both parties contend that ASH and AH's interests better align with the plaintiffs' interests in this civil action. However, neither Trinity nor the plaintiffs filed a motion to realign the parties. Therefore, this Court does not find it necessary to discuss a possible realignment of the parties or such realignment's effect on jurisdiction.

Here, as mentioned earlier, the parties maintain the following citizenship: (1) the plaintiffs maintain West Virginia citizenship, (2) Trinity maintains Ohio citizenship, and (3) ASH and AH allegedly maintain citizenship in Ohio, West Virginia, and Pennsylvania. Here, diversity is defeated by ASH and AH's citizenship in West Virginia. In addition to the amount in controversy requirement, 28 U.S.C. § 1332(a) requires that the civil action is between citizens of different states. This is not the case here. As stated earlier, "removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422 (4th Cir. 1999). This Court finds that federal jurisdiction here remains "doubtful" and thus grants the plaintiffs' motion to remand.

C.  <u>Remaining Motions</u>

As discussed earlier, the parties have several motions that remain pending. Because this Court grants Trinity's motion to file an amended notice of removal and plaintiffs' motion to remand, this Court will take the following actions described below.

Regarding ASH and AH's motion for joinder to remand, this Court grants their motion for the reasons set forth above. ECF No. 22. Because this civil action is remanded, Trinity's motion to dismiss (ECF No. 7) and Trinity's motion to dismiss ASH and AH's cross-claim (ECF No. 24) are both denied as moot but without

prejudice. Regarding Trinity's motion to sever AH and ASH (ECF No. 27), this Court also denies it as moot but without prejudice.

## V. Conclusion

For the reasons set forth above, Trinity Health System, Inc.'s motion to file an amended notice of removal (ECF No. 23) is GRANTED. Accordingly, the Clerk is DIRECTED to file the amended notice of removal which is attached as Exhibit No. 1 to Trinity's motion to file amended notice of removal. Plaintiffs' motion to remand (ECF No. 18) is GRANTED. Accordingly, this case is REMANDED to the Circuit Court of Brooke County, West Virginia. Further, Acuity Specialty Hospital-Ohio Valley, L.P. and Acuity Healthcare, L.P.'s motion to join plaintiffs' motion to remand (ECF No. 22) is GRANTED. The Court also finds that (1) Trinity's motion to dismiss (ECF No. 7), (2) Trinity's motion to dismiss ASH and AH's cross-claim (ECF No. 24), and (3) Trinity's motion to sever AH and ASH (ECF No. 27) are all DENIED AS MOOT but without prejudice. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 15, 2014


                           /s/ Frederick P. Stamp, Jr.
                           FREDERICK P. STAMP, JR.
                           UNITED STATES DISTRICT JUDGE